ANDREW JENNINGS, Respondent, *v.* MARGARET CONBOY, Impleaded, etc., Appellant.

Under the provisions of the Revised Statutes in reference to powers (1 R. S., 732 § 74, *et seq.*), it is not necessary to the creation of a valid beneficial power of sale that the instrument creating the power shall, by its express terms, give to the donee an interest in the execution of the power; "when no person, other than the grantee, has, by the terms of its creation, any interest in its execution" (§ 79), then such grantee is the sole beneficiary, and the power is beneficial.

Where to a devise of a fee is added a power of sale, the devisee and donee being the same person, the power is merged in the fee and is inoperative.

The will of J. contained this clause: "I give full power and authority and control to sell my property in Brooklyn to my sister, Mrs. Conboy, and to receive the rent of it, house No. 865 Pacific street, Brooklyn." Mrs. Conboy was not appointed executrix or trustee under the will, and there was nothing in the will indicative of an intent on the part of the testator that any other person should have the rents or the proceeds of sale. In an action for partition, brought under the statute by an heir claiming the devise to be void (§ 2, chap. 238, Laws of 1853), *held*, that assuming that the language of the clause was insufficient to give the fee, it created a valid beneficial power of sale; but that, by the devise of the rent without qualification, the fee was given to Mrs. Conboy, which was not cut down or affected by the power of sale.

*Jennings* v. *Conboy et al.* (10 Hun, 77), reversed.

(Argued March 27, 1878; decided April 9, 1878.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, denying a motion,

for a new trial, made under section 268 of the Code, after rendition of judgment directing the usual reference in an action for partition. (Reported below, 10 Hun, 77.)

This was an action of partition, brought by plaintiff as heir-at-law of John Jennings, deceased, under the provisions of the statute (§ 2, chap. 238, Laws of 1853), authorizing any heir, claiming a devise to be void, to prosecute for partition.

Said John Jennings died in the city of New York on the 25th day of January, 1873, leaving him surviving the plaintiff, his brother, the defendant, Mrs. Conboy, his sister, and the other two defendants, his nieces, his only next of kin and heirs-at-law. At the time of his death he was the owner of the premises described in the complaint in this action. He left a will, the only portion thereof which has any reference to the premises is as follows: " I give full power and authority and control to sell my property in Brooklyn to my sister, Mrs. Conboy, and to receive the rents of it, house No. 865 Pacific street, Brooklyn." Mrs. Conboy was not appointed executrix or trustee under the will. On the 10th day of February, 1873, Mrs. Conboy made a deed of conveyance of the premises to William Hanlon, and the same day or the next Hanlon reconveyed the same to her.

*R. P. Hope*, for appellant. The devise of authority to sell the property and receieve the rents gave the appellant an estate in fee at common law. (4 Kent's Com., *536; Coke's Litt., 4 *b*, 9 *b*; *Beekman* v. *Hudson*, 20 W. R., 53; Doe *dem Goldin* v. *Lakeman*, 2 Bar. & Adol., 30; Doe *dem Guest* v. *Bennett*, 20 Law J. Rep. [N. S.] Exc., 323; S. C., 5 Eng. Law & Eq. R., 536; *Price* v. *Vaughan*, Aleyn, 45; *Wood* v. *Wood*, 5 Paige, 603, 604; *Van Nostrand* v. *Moore*, 52 N. Y., 12; *Leggett* v. *Perkins*, 2 Comst., 297–305; *Vail* v. *Vail*, 4 Paige, 317; Sugden on Powers [8th ed.], p. 104, chap. 4, § 1, ¶¶ 8, 10; 2 Redfield on Wills [2d ed.], 326; 2 Preston on Estates, 74, 80; *Jackson ex dem Bush* v. *Coleman*, 2 J. R., 397; Doe *dem Hickman* v. *Haslewood*, 6 Adol. &

El., 167; Doe *dem Pratt* v. *Pratt*, 6 id., 180; *Smith* v. *Fulkinson*, 25 Penn. [1 Casey], 109; *McDonald* v. *Walgrove*, 1 Sandford Ch., 174; *McLean* v. *McDonald*, 2 Barb., 434; *Ramsdell* v. *Ramsdell*, 21 Maine R., 288; *Jackson* v. *Bull*, 10 J. R., 19; *Helmur* v. *Shoemaker*, 22 W. R., 137; 4 Kent's Com., *270; *Bradstreet* v. *Clarke*, 12 W. R., 662.) The devise of the power to sell the property was a general beneficial power, and, under the Revised Statutes, vested in the grantee thereof an absolute fee in the premises. (1 R. S., 732, §§ 77, 79, 81, 85, 106, 116; § 84, same article; *Talmage* v. *Sill*, 21 Barb., 50; *Kinnier* v. *Rogers*, 42 N. Y., 531; *Russell* v. *Russell* 36 id., 581; 6 Cruises' Dig., tit. 38, chap. 1, § 19; Jeremy's Equity Jurisdiction, 130; 1 Spence's Equitable Jurisdiction, 498; 3 Redfield on Wills, 509; 2 Story's Eq. Juris., § 1125; *Freeborn* v. *Wagner*, 4 Keyes, 27–30; *Jackson* v. *Edwards*, 7 Paige, 386; affirmed, 22 W. R., 498; *Manice* v. *Manice*, 43 N. Y., 303, 387; *Farmers' Fire Ins. and Loan Co.* v. *Edwards*, 26 W. R., 541; *Taylor* v. *Dodd*, 58 N. Y., 335.)

*Elial F. Hall*, for respondent. To the valid creation of powers sufficient words to denote the intention, an apt instrument and a proper object are essential. (1 Sugd. on Powers, 117; 1 Greenl. on Ev. [7th ed.], 404, 407, note; *Hay* v. *Earl of Coventry*, 3 D. & E., 87; Broom's Legal Maxims [4th Phila. ed.), 389; 1 Jarm. on Wills [Perkin's 3d Am. ed.], 322; *Tole* v. *Hardy*, 6 Cow., 341.) As the appellant had no interest in the execution of the power created, it could not be a beneficial power. (5 Edmond's R. S. [2d ed.], 586, §§ 79, 85.)

EARL. J. The rights of the parties in this action depend upon the effect to be given to the following clause in the will of John Jennings: "I give full power and authority and control to sell my property in Brooklyn to my sister, Mrs. Conboy, and to receive the rent of it — house No. 865 Pacific street, Brooklyn." The Supreme Court held this clause to

be wholly invalid, because there was no object to support the power of sale, and that the real estate, therefore, descended to the heirs of the testator. In this we think there was error.

Prior to the Revised Statutes, the law of powers was involved in great uncertainty. It was abstruse, intricate and full of nice distinctions which taxed the ingenuity of lawyers and judges. As it had grown up in England, it was not supposed to be adapted to the customs and institutions of this country. Hence, the Revisers deemed it wisest to recommend that all powers as theretofore known should be abolished. (Reviser's Notes, 3 R. S., 588.) Section 73 of article 3, chapter 1, part 2 of the Revised Statutes, therefore, provides, that "powers, as they now exist by law, are abolished; and, from the time this chapter shall be in force, the creation, construction and execution of powers shall be governed by the provisions of this article." The prior law as to powers is of little use in the investigation of the subject of powers as they are now defined and authorized; and there have been but few decisions since elucidating and explaining the subject. And hence, in construing the clause under consideration, we can receive no important help from decided cases. We must rely upon the language of the statute, and, giving it a sensible construction, thus ascertain the law.

It is aptly said in 1 Sugden on Powers, 117, that, "to the valid creation of powers, it is essential that there should be, first, sufficient words to denote the intention; secondly, an apt instrument; and thirdly, a proper object." We cannot conceive of a power without these three features, and the last is as essential as either of the others. A power without any purpose or object for which it is to be exercised would be a solecism.

In section 74, a power is defined as "an authority to do some act, in relation to lands, or the creation of estates therein, or of charges thereon, which the owner granting or reserving such power might himself lawfully perform." The power here conferred answers this description. It is a power to sell, and this the testator could himself have performed.

Section 106 provides that a power may be granted "by a suitable clause contained in a conveyance of some estate in the lands, to which the power relates," or "by a devise contained in a last will and testament." A power created by deed must be more formal than one created by will. In the latter case, there may be a mere naked power, no estate in the land being given to any one. In the former case, the deed must convey, and be sufficient in form and manner of execution to convey, some estate in the land, and then a power relating to the same land may be granted.

We find, then, that the testator was competent to create this power ; that he used language showing an intention to create it, and that he used a proper instrument to create it. Now, what kind of a power was it, as defined in the statute ? Section 77 provides, that "a power is general, where it authorizes the alienation in fee to any alienee whatever," and this is of that kind.

As has been said, an object is requisite to the existence of a power. But there is nothing in the statute which requires the object to be in terms specified in the instrument creating the power. It is not provided that the instrument conferring a power of sale shall specify in terms what shall be done with the proceeds of the sale, or who shall be benefited by the sale.

The statute, however, classifies powers into beneficial powers and trust powers, and every power must necessarily be in one class or the other. Speaking generally, the former have for their object the donee of the power, and are to be executed solely for his benefit ; the latter have for their object persons other than the donee, and are to be executed solely for their benefit.

Now, does this power belong to either of these classes, and if so, to which one ? It cannot be supposed that the testator meant to do a vain thing, to create a power with no object. It must be assumed that he intended that some one should have the proceeds of the sale. Who was it ? What is the natural inference where one makes to another a conveyance of an estate in land, and gives him an absolute power to sell

the land without specifying what shall become of the proceeds, or when one gives an absolute power of sale by will without such designation? Clearly that the sale shall be made, and that the proceeds shall rest where the sale leaves them. If it was meant that they should go any farther, it would so declare. As there is no one in such a case who can take the proceeds from the donee, they must remain with and belong to him.

It is believed that the rule of construction thus laid down is based not only upon good sense, but upon the very letter of the statute. Section 79 provides, that "a general or special power is beneficial, when no person other than the grantee has, by the terms of its creation, any interest in its execution." The meaning of this section is plain. If, by the terms of the creation of the power, no other person than the donee has an interest in its execution, then it is beneficial; or to the same purpose, if the instrument creating the power does not, by its terms, give an interest in its execution to any one else, the donee is the sole beneficiary.

It is claimed, however, that this section must be read as if it provided that when, by the terms of the creation of the power, the donee has an interest in its execution and no other person has such interest, then it is beneficial. If this had been the meaning of the section, why were other persons named and such bungling phraseology used? It would have been much more direct and natural, simply, to have provided that "a general or special power is beneficial, where the donee thereof is, by the terms of its creation, the sole person interested in its execution." The other form was used because it was intended to make the power beneficial both when, by its terms, the donee was solely interested in its execution, and when it was entirely silent as to the beneficiary; and the language was the most apt and sententious to express such intention.

It is said that according to this construction, the words "by the terms of its creation" have no meaning, and were unnecessary. This is a mistake. Persons may become inter-

ested in the execution of a power in many ways, after its creation, or by virtue of other instruments than that creating the power. Although there are such persons interested in its execution, the power is still beneficial. It is only deprived of that character when such persons take their interest by the terms of the instrument creating the power.

It will thus be seen that by the construction I have given to this section, every word thereof has proper significance, and the language used is the most appropriate to express the meaning we impute to it. While if the construction contended for by the plaintiff be given to it, some of the language has no proper significance, and the phraseology is quite inappropriate.

We have thus far reasoned upon the assumption that the language used is not sufficient to give Mrs. Conboy the fee of the land as the devisee thereof, and that she can claim the fee only by the execution of the power. But we are of opinion that the language is sufficient.

This will was written by an illiterate person, most probably by the testator himself. He was unskilled in the use of language, and has thus left his intention somewhat in doubt. It is our duty so to construe the will as to give effect to all its clauses, if we can. If any clause is susceptible of two constructions, one of which will uphold it and the other render it invalid, we must adopt the former.

The clause under consideration may be read as follows : I give full power and authority and control to my sister, Mrs. Conboy, to receive the rent of my house, and to sell the same. She is not appointed executor or trustee, and she is not directed to receive the rents and to sell in either capacity. There is no limitation of time during which she is to receive the rents, and the proceeds of the real estate are not diverted from her after the sale. There is no indication in the will that the testator meant any one else should have the rents or the proceeds. It is just as clear that she was to have the one as the other. It is well-settled that a devisee of the rent of land, without any qualification, is a devisee of the land. (4

Kent, 536.) In *Parker* v. *Plummer* (Cro. Eliz., 190), the words of the will were : " I will that my wife shall have the issues and profits of the land during her life," and it was determined that she had an interest in the land, for to have the issues and profits and the land were all one. In *Kerry* v. *Derrick* (Cro. Jac., 104), the words were : " I bequeath the rents of W. to my wife for life," and it was held that the land passed.. In *Stewart* v. *Garnett* (3 Sim., 398), it was held that a devise of the " moiety of the rents, issues and profits of my estate," was the same as a devise of a moiety of the estate, and that it conveyed a fee. In *Doe dem. Guest* v. *Bennett* (5 Eng. Law and Eq., 536) : the words were, " I also leave my wife, Rebecca Hayes, to receive all moneys upon mortgages and on notes out at interest," and it was held that she took the title of the mortgagee in the land, and that she could maintain ejectment to recover the possession of the land.

Now suppose, in this case, the testator had given Mrs. Conboy simply " full power and authority and control to recover the rent " of his house, and said nothing more ; within these authorities she would have taken the fee in the land. The inference would be that such was his intention. He superadds a power of sale, without specifying any object. That does not cut down or affect the fee. It is simply an attempt. to ingraft a power upon the fee which must fail, because when the devisee of the fee and the donee of a power to sell. are the same person, the power is inoperative, or is merged. in the fee, as that includes every power.

In our construction of this clause we have given no consideration to the fact that several legacies are given in the will. The amount of the testator's estate was not proved. For aught we know, there was ample personal property to pay such legacies. The legatees are not parties to this action, and their rights, if any, are in no way affected by our decision..

The order of the General Term must therefore be reversed,. and new trial granted, costs to abide the event.

Judges FOLGER, ALLEN, RAPALLO and MILLER concur in

the opinion upon both grounds ; Judge ANDREWS concurs upon the last ground, expressing no opinion as to the first, and CHURCH, Ch. J., says : " I am not prepared to assent to the construction given to section 79. I think that a naked power of sale is not sufficient to give an estate in fee, and is not a beneficial power. The donee, I think, must have some interest, aside from a mere naked power of sale. I agree to the result on the second ground."

Order reversed.