SMITH et al. v. SMITH et ux.

(Supreme Court, Appellate Division, Second Department.　June 7, 1898.)

1. WILLS—CONSTRUCTION—RESIDUARY CLAUSE.
　　The will of a testator, after directing that his homestead farm should remain in charge of his executors until his youngest child should reach majority, and that all rents and income be employed for the payment of taxes, assessments, and support of his family, gave all the rest, residue, and remainder of his estate, real and personal, to all his children, except J., to be equally divided between them, and paid to them, respectively, as they should reach majority; and, in case of the death of any child before receiving its portion, its respective share should go to its issue, if any; otherwise to be equally divided between his other children. *Held*, in an action involving a construction of the will, that the residuary clause covered the homestead farm, which was to be taken into consideration in effecting the distribution.

2. SAME.
　　One of the children, F., subsequently died without issue. *Held*, that the residuary estate vested in the children, except J., at the testator's death, and that, upon F.'s death, J., as one of his brothers, became heir to an equal share in F.'s portion.

Appeal from special term, Orange county.

Action by Benjamin Smith and Charles T. Smith against Joseph A. Smith and Julia Smith, impleaded with George Smith and others. Judgment for plaintiffs, and Joseph A. Smith and Julia Smith appeal. Modified.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and WOODWARD, JJ.

George A. Wyre, for appellants.
Frank Comesky, for respondents.

WOODWARD, J. John T. Smith, a resident of Rockland county, died on or about the 25th day of November, 1875; leaving a last will and testament, and a family consisting of the widow and 14 children. The will was duly admitted to probate by the surrogate of Rockland county, and the present action was brought for the partition of certain real property. We are asked to construe this will, in determining the rights of the various legatees of the deceased. So much of the instrument as is necessary for the purposes of this discussion is given as follows:

"Second. It is my wish, and I do hereby order and direct, that my homestead farm remain in charge of my executors, to be controlled, worked, and conducted by them as they deem proper, until my youngest child shall arrive at the age of twenty-one years." "Fourth. Should my executors deem it advisable to sell my real estate, I hereby empower them to sell the same, except the homestead farm aforesaid; and the moneys arising therefrom to be placed at interest, on good bond and mortgage." "Sixth. I hereby order and direct that all rents and interest money be paid over by my executors to my beloved wife, Anna Maria Smith, out of which she is hereby directed to pay all taxes and assessments to be assessed against my property; the balance, or so much thereof as may be necessary for that purpose, to be used by her in the support of herself and family." "Eleventh. All the rest and residue and remainder of my estate, both real and personal, I hereby give, devise, and bequeath unto all my children, except Joseph (for whom I have made ample provision heretofore), to be equally divided between them, share and share alike, and to be paid to them as they respectively arrive at the age of twenty-one years, as near as the amount thereof can be ascertained. Twelfth. Should any of my said children die, leaving issue, before receiving their portion of my estate, and in that case, I order and direct that the issue take the portion their parent would take if living; and, if any of said children should die without issue, then, in that case, I order and direct that the portion due said child be equally divided between my other children, share and share alike."

It is claimed on the part of the defendant Joseph A. Smith that as to the homestead farm the testator died intestate, and, if all the children of said testator were alive, he would be entitled to one-fourteenth interest in the proceeds of sale of the homestead farm, and that "in any event appellant is entitled to receive one-thirteenth part of the interest of Frederick Smith," who died without issue. If the intent of the testator is to govern,—and we know of no other rule for the construction of wills,—then there can be no doubt that the last will and testament of John T. Smith disposed of all his property; and the contention of the defendant Joseph A. Smith, that as to the homestead farm the testator died intestate, is without force. It was the testator's wish, and he ordered and directed, that "my homestead farm remain in charge of my executors * * * until my youngest child shall arrive at the age of twenty-one years." He then empowers his executors to sell his real estate, with the exception of the homestead farm, and directs how the money shall be invested, and the disposition which shall be made of such income as may result from rentals or interest arising from his real estate other than the homestead farm. Then follows the provision that:

"All the rest and residue and remainder of my estate, both real and personal, I hereby give, devise, and bequeath unto all my children, except Joseph (for whom I have made ample provision heretofore), to be equally divided between them, share and share alike, and to be paid to

them as they respectively arrive at the age of twenty-one years, as near as the amount thereof can be ascertained."

The testator, having provided that the homestead farm should remain in the hands of his executors until the youngest child should be of full age, realized the impossibility of making an accurate calculation; and this provision was inserted to indicate that it was his intention to have the estate available, so far as possible, to his children, on their reaching the age of 21 years; the interests of the last one being protected by the amount which it was fair to presume would be realized from the sale or other disposition of the homestead farm on his becoming of age. In other words, the remainder of the estate, after meeting the specific legacies, was to be distributed among his children, excepting Joseph; and in making the apportionment the value of the homestead farm, available on the youngest child reaching the age of 21 years, was to be taken into consideration. The homestead farm was merely to be held in trust until the happening of a particular event, when it became a part of the remainder of the estate of the testator, and as such was fully disposed of by the will. "But in the construction of wills, as of other written instruments," say the court in the case of Taggart v. Murray, 53 N. Y. 233, "the intention is to be ascertained by the consideration of the whole instrument; and the construction is not to be made upon a single or isolated clause, detached from its relation to those with which it is associated. If, on a comparison of the different provisions of a will, it is found to contain dispositions which are repugnant to each other, then it is the office of judicial interpretation to preserve, if consistent with the rules of law, the paramount intention of the testator as disclosed by the instrument, although in so doing it may defeat his purpose in some subordinate and less essential particular." We find in this case, however, no need of such a rule. The intention is not only perfectly clear, but there is no occasion for overcoming any inconsistencies. As was said in Re Estate of Bonnet, 113 N. Y. 522, 21 N. E. 139:

"In this case the gift of the residue is universal. It is, in general terms, of all that remains after the payment of debts, and of funeral and administration expenses. Such language takes in, of its own force, whatever, in the testamentary disposition of the testator, has failed of effect, and negatives the idea of the gift of a specific residue. No intention to exclude anything from the residuary estate appears anywhere, and the presumption to include obtains."

"But where the language of a residuary clause is ambiguous," say the court in the case of Lamb v. Lamb, 131 N. Y. 227, 30 N. E. 133, "the leaning of the courts is in favor of a broad, rather than a restricted, construction. It prevents intestacy, which it is reasonable to suppose testators do not contemplate." It is equally clear to us that the residuary estate vested in the children of the testator at his death, and that Frederick Smith, who died without issue, was entitled to one-thirteenth part of the remainder of the estate, and that Joseph Smith, as one of the brothers of the deceased, became heir to an equal share in the estate of Frederick Smith. This is in harmony with the exact language of the will, and while there may be some question as to the intention of the testator, in so far as Joseph Smith is concerned, there seems to be no doubt of the fact that the property passed beyond the

control of the testator at his death, and became vested in his legatees who were then living. In other words, conceding that Joseph Smith was excluded under the will, he would yet be entitled to his portion of the estate vesting in his brother at the time of his death. "But, even though there be no other gift than in the direction to pay or distribute in future," says 1 Jarm. Wills, p. *764, "yet, if such payment or distribution appear to be postponed for the convenience of the fund or property, the vesting will not be deferred until the period in question. Thus, where a sum of stock is bequeathed to A. for life, and after his decease to trustees, upon trust to sell, and pay and divide the proceeds to and between C. and D., as the payment or distribution is evidently deferred until the decease of A., for the purpose of giving precedence to his life interest, the ulterior legatees take a vested interest at the decease of the testator." The language of the will is that:

"All the rest and residue and remainder of my estate, both real and personal, I hereby give, devise, and bequeath unto all of my children, * * * . to be equally divided between them, share and share alike, and to be paid to them as they respectively arrive at the age of twenty-one years, as near as the amount thereof can be ascertained."

There are no contingencies suggested. The gift of the remainder is absolute, and becomes payable upon the several beneficiaries reaching the age of 21 years; and there can be no doubt that Frederick Smith died seised of one-thirteenth of any remainder of the estate of the testator, and that his brother Joseph Smith is entitled to his portion of this estate, as an heir of Frederick Smith.

It becomes necessary, then, to so modify the judgment of the court below that Joseph Smith shall be secured his share of the estate of Frederick Smith, arising out of the will of the testator; and as so modified the judgment is affirmed, without costs. All concur.