HUTCHINGS et al. v. HUTCHINGS et al.

(Supreme Court, Appellate Division, Second Department. May 19, 1911.)

WILLS (§ 634*)—CONSTRUCTION—VESTED REMAINDERS.

    Testator devised the income of his estate to his widow for life, and provided that on her decease he gave certain property to his executors in trust to apply the net income to the support of testator's son for life, and on his decease to convey the property to another son and daughter. *Held*, that the words "upon his decease," referring to the son entitled to a life estate, did not prevent the vesting of the remainders, but merely postponed the enjoyment thereof until the death of the life tenant, and that the remainders were vested, and not contingent, under 2 Rev. St. (9th Ed.) pt. 2, c. 1, tit. 2, § 13, providing that an estate is vested when there is a person in being who would have an immediate right to possession on the termination of the intermediate or precedent estate.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

Submission of controversy on agreed statement of facts between Charles C. Hutchings and another and Mary Louisa Hutchings and another. Judgment for defendant Hutchings.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Everett V. Abbot, for plaintiffs.
Robert H. Hibbard, for defendants.

BURR, J. · This controversy is submitted upon an agreed statement of facts. Ebenezer J. Hutchings died March 23, 1884, leaving a last will and testament, dated November 2, 1882, and proved in the Surrogate's Court of Kings county April 15, 1884. He left a widow, Mary, who died February 16, 1892; four sons, John Henry Hutchings, Ebenezer J. Hutchings, Jr., Charles C. Hutchings, and Reuben A. Hutchings; and a daughter, Mary L. Hutchings. By the first clause of his will he gave and devised unto his wife the use and income of his estate during her life and while she remained his widow. The third clause of his will is in the following language:

·"Upon the decease or remarriage of my said wife, I give, devise and bequeath all that certain house and lot known as Number 343 and 345 Broadway in the city of Brooklyn and which was conveyed to me by Henry Kastendieck and wife by deed dated January 2, 1872, and recorded in Kings county register's office in Liber 1028 of Conveyances, page 138, January 3, 1872, to my executors hereinafter named, in trust however to hold and collect and receive the rents and income thereof and after paying the taxes, insurance and necessary expenses for keeping the house in good order and condition, I direct them to apply the residue of the said rents and income to the support and maintenance of my son John Hutchings for and during his life, and upon his decease they shall convey said house and lot unto my daughter Mary Louisa Hutchings and my son Charles Hutchings."

At the time when testator made his will, his son John Hutchings, also called John Henry Hutchings, was incompetent, and continued so to be down to the date of his own death on November 8, 1909. He died unmarried, without issue, and intestate. Reuben A. Hutchings, one of his sons, died April 4, 1894, leaving him surviving, as his only heir at law and next of kin, a daughter, the defendant Mary E. Baker. Ebenezer J. Hutchings, Jr., another son, died February 23, 1899, leaving him surviving, as his only heirs at law and next of kin, two sons, Charles C. Hutchings and Edward J. Hutchings, who are the plaintiffs herein. Charles C. Hutchings, another son, died January 31, 1907, unmarried and without issue. He left a will, duly proved, by which he gave all his estate, real and personal, to his sister, the defendant Mary L. Hutchings.

Plaintiffs contend that the estate in remainder under the third clause of the will above quoted was contingent; that as the result of the death of Charles C. Hutchings during the lifetime of John Hutchings, the beneficiary of the trust estate, testator died intestate as to one-half of such remainder, which passed to his heirs at law, including the plaintiffs and the defendant Mary E. Baker. Although, if the contention of the plaintiffs is correct, Mary E. Baker is entitled to an interest in the property, she declined to join with them as a party plaintiff, and for that reason was made a party defendant. We think plaintiffs' contention is not well founded, and that testator's daughter, Mary Louisa Hutchings, and his son Charles Hutchings, took vested estates in remainder in the property in question, subject to the particular estate therein given to his executors in trust during the life of his son John Hutchings. This is in accordance with the statutory provision, in force when the will took effect, that an estate is "vested when there is a person in being who would have an immediate right to the possession of the lands upon the ceasing of the intermediate or precedent estate" (R. S. [9th Ed.] pt. 2, c. 1, tit. 2, § 13), and two elementary rules respecting the construction of wills: First, that the law favors the vesting of estates devised as soon as possible after the death of testator (Bowditch v. Ayrault, 138 N. Y. 222, 33 N. E. 1067; Stokes v. Weston, 142 N. Y. 433, 37 N. E. 515; Connelly v. O'Brien, 166 N. Y. 406, 60 N. E. 20); and, second, that a construction resulting in intestacy should if possible be avoided (Matter of Russell, 168 N. Y. 169, 175, 61 N. E. 166). Under the construction contended for by plaintiffs, if Mary Louisa Hutchings had also died before her brother John, testator would have died intestate as to the whole of the estate in remainder.

Plaintiffs' contention is based upon two propositions: First, that the testator used the words "upon his decease" (that is, of John Hutchings) in connection with the gift to his daughter Mary Louisa and his son Charles; and, second, that following the words "upon his decease" are the words "they [the executors] shall convey said house and lot" unto his said son and daughter. But the use of the words "upon his decease" do not prevent the vesting of remainders. They merely postpone the enjoyment thereof until the death of the life tenant. Riker v. Gwynne, 201 N. Y. 143, 94 N. E. 632. There is not even attached to this gift a condition subsequent, to defeat this vested remainder in the event of the death of the remainderman before the life beneficiary. Campbell v. Stokes, 142 N. Y. 23, on page 29, 36 N. E. 811. It has been sometimes held that, when the only words of gift in a will are contained in a direction to pay or divide at a future time, such remainder may be construed to be contingent upon survivorship, and not vested. Matter of Baer, 147 N. Y. 348, 41 N. E. 702; Matter of Crane, 164 N. Y. 71, 58 N. E. 47. But here the gift is not in the words "they shall convey said house and lot." These words are meaningless so far as the transfer of title is concerned. The executors, upon the death of John Hutchings, had nothing to convey. During his life they only took such estate in the land as was necessary to feed the trust, which estate terminated upon the expiration of the trust term. Doscher v. Wyckoff, 132 App. Div. 139, 116 N. Y. Supp. 389; Kahn v. Tierney, 135 App. Div. 897, 120 N. Y. Supp. 663, affirmed 201 N. Y. ——, 94 N. E. 1095 (February 7, 1911). The direction in the will for a conveyance is useless, as the transfer will be made under the statute, and not by virtue of the conveyance. Rev. St. pt. 2, c. 1, tit. 2, § 67; Matter of Petition of Livingston, 34 N. Y. 555; Campbell v. Stokes, supra.

It may be urged that, if we eliminate the words "they shall convey" from this clause of the will, there are no words of gift of the remainder. Not so. The clause would then read:

"Upon the decease or remarriage of my said wife, I give, devise and bequeath all that certain house and lot known as Number 343 and 345 Broadway * * * to my executors hereinafter named, in trust however to hold and collect and receive the rents and income and * * * apply the residue of the said rents and income to the support and maintenance of my son John Hutchings and upon his decease unto my daughter Mary Louisa Hutchings and my son Charles Hutchings."

The nouns in the latter part of the sentence must be either the objects of the former verbs "give, devise and bequeath," or of the latter verb "apply," referring to the rents and income. It cannot be the latter, for with the death of John Hutchings the entire period for which the power of alienation could be suspended had been exhausted. It must relate back, therefore, to the words "give, devise and bequeath." We conclude that defendant Mary Louisa Hutchings has the entire fee of the premises in question and that plaintiffs have no interest therein.

There must be judgment accordingly, but, under the terms of the submission, without costs. All concur.