SUSAN E. HADCOX, Respondent, v. MARY R. CODY,
Individually and as Executrix of JAMES A. CAREY,
Deceased, et al., Appellants, Impleaded with Others.

Will — construction of provision creating trust of testator's
residuary estate for benefit of his daughters for life — disposition
of fund upon death of survivor of daughters.

Testator's will provided: "After all my lawful debts and funeral
expenses are paid I give and bequeath unto my daughter Susan
Emeline the use of Two Thousand Dollars during her natural life,
the balance of my property to be divided equally betwixt my two
daughters (Susan Emeline and Mary Rosetta) during their natural
lives and then to my legal descendants, if any there shall be, but if
there should be none then to Theodore De Land or his children."
Testator left two daughters, named in the will, his only heirs and
next of kin, one of whom is plaintiff, the other defendant in this
action for its construction. The plaintiff has never had a child.
The defendant Mary R. Cody at the time of the death of her father
had two children, her only living descendants, one of whom is dead,
and the other of whom is defendant James Carey Cody, who is the
only descendant now living of the testator other than the two
daughters. Theodore De Land, named in the will, is living, and he
has three children who are defendants herein. *Held*, that testator
intended to dispose of all of his property by his will; that all of his
property should be held until the death of his daughters and the
survivor of them, and that at such time it shall become the absolute
property of the legal descendants of the testator, if any there shall
be, but if there should be none then to Theodore De Land or his
children.

*Hadcox* v. *Cody*, 157 App. Div. 901, modified.

(Argued December 4, 1914; decided January 19, 1915.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the fourth judicial department,
entered September 12, 1913, modifying and affirming as
modified a judgment entered upon the report of a referee
in an action brought for an accounting and for the con-
struction of the will of James A. Carey, deceased.

James A. Cary died April 18, 1890, leaving a will duly

attested, which was thereafter duly probated and of which the following is a copy:

" I, James A. Carey of Deansville, county of Oneida and state of New York, being of sound mind and memory, do make, publish and declare this to be my last will and testament, viz.: After all my lawful debts and funeral expenses are paid I give and bequeath unto my daughter Susan Emeline the use of Two Thousand Dollars during her natural life, the balance of my property to be divided equally betwixt my two daughters (Susan Emeline and Mary Rosetta) during their natural lives and then to my legal descendants, if any there shall be, but if there should be none then to Theodore De Land or his children. And I hereby constitute and appoint my two daughters executors of this my last will and testament and require them to give good and sufficient bonds for the faithful performance of their duty in relation to this instrument, and I hereby revoke all former wills by me made.

" In Witness Whereof I have hereunto subscribed my name and affixed my seal this 8th day of May in the year of our Lord one thousand eight hundred eighty-nine.

" JAMES A. CAREY  [L. S.] "

James A. Carey did not leave a widow him surviving. He left surviving two daughters, his only heirs at law and next of kin, the plaintiff Susan E. Hadcox, and the defendant Mary R. Cody. The plaintiff has never had a child. The defendant Mary R. Cody at the time of the death of her father had two children, her only living descendants, one of whom died in 1900, and the other of whom is the defendant James Carey Cody. James Carey Cody is the only descendant now living of James A. Carey, deceased, other than his said two daughters. Theodore De Land, named in the will, is living, and he has three children who are defendants herein. The defendant Theodora De Land, an infant, appeared in the action by a guardian *ad litem* and submitted her interest

to the protection of the court. The defendant Mary R. Cody duly qualified as executrix of said will; but the plaintiff did not qualify as an executrix.

*Joseph Beal* and *Merchant B. Hall* for appellants. It was the intention of the testator by his will, *first*, to give a life estate to each of his daughters, giving a preference to Mrs. Hadcox to the extent of the use of $2,000; *second*, to make his posterity his residuary beneficiaries; *third*, to make a substitutionary gift to the De Lands to prevent failure to take under the will in case he should have no descendant. (L. 1909, ch. 52, § 240; *Williams* v. *Jones*, 166 N. Y. 522; *Smith* v. *Bell*, 6 Pet. 68; *Mills* v. *Hudson*, 140 N. Y. 99; *Barnes* v. *Provoost*, 4 Johns. 61; *Byrnes* v. *Stillwell*, 103 N. Y. 453; Schouler on Wills, 530; Jarman on Wills, 168; *Matter of Russell*, 168 N. Y. 175; *Stokes* v. *Weston*, 142 N. Y. 433; *Matter of Brown*, 154 N. Y. 313; *Connelly* v. *O'Brien*, 166 N. Y. 406; *Benson* v. *Corbin*, 145 N. Y. 351.)

*William Townsend* for respondent. By "descendants" the testator meant to designate that indefinite and unascertained class of persons, heirs of his body, if any there should be, who survived the life estates. (Cons. Laws, ch. 13, § 98, subd. 7; *Matter of Kimberly*, 150 N. Y. 90; *Moore* v. *Littel*, 41 N. Y. 66; Heaton on Surrogates' Courts, § 920; *Matter of Allen*, 151 N. Y. 243; *Hebbard* v. *Lese*, 107 App. Div. 425; *Matter of Seaman*, 147 N. Y. 69; *Campbell* v. *Stokes*, 142 N. Y. 23; *Matter of Curtis*, 142 N. Y. 219; *March* v. *March*, 186 N. Y. 99.)

CHASE, J. The judgment of the Special Term so far as it relates to the account of the executrix is affirmed by the Appellate Division. We have examined the record relating to the account and find no reason for changing the judgments entered so far as they adjudge, determine and settle the account of the executrix.

The fact of making a will raises a very strong pre-

sumption against an expectation or desire on the part of the testator of leaving a portion of his estate undisposed of by his will. (*Schult* v. *Moll*, 132 N. Y. 122, 127.) We think it was the intention of the testator to dispose of all of his property by his will and that he did not contemplate the possibility of dying intestate as to any of his estate. The gift to his daughters for life of the "balance of my [his] property" was intended to include all of his property except the use of two thousand dollars by his daughter Susan Emeline during her natural life. We concur, therefore, with the Appellate Division "that the principal of the two thousand dollar fund, the life use of which is given to the plaintiff, passed subject to such life estate under the provisions of the will as a part of testator's residuary estate."

We do not agree with the Special Term and the Appellate Division in construing the life estates of the daughters in the balance of the testator's property as terminable at the death of the daughters severally. The gift is "during their [the daughters] natural lives and then to my [his] legal descendants." We think from the language used by the testator in his will that he intended to divide the balance of his property equally between his daughters for life with cross-remainders and upon the death of the survivor of the daughters *to the testator's legal descendants* as a class at the death of such survivor "if any there shall be, but if there should be none, then to Theodore De Land or his children." If the testator intended a vesting of his estate in his legal descendants at his death subject to the life estates, he must have known that in reasonable probability his daughters to whom the life estates were given would outlive him and become vested with his estate, for if both were living at his death they would be his legal descendants. In such case the daughters by the will would be given both the life estates and the remainder. This was clearly not the intention of the testator. When the intention of a

testator is ascertained it will control the construction to be given to his will. (*Cammann* v. *Bailey*, 210 N. Y. 19.)

The testator refers in his will to *his legal descendants* "if any there should be" and not to the *legal descendants of his daughters or either of them.* If the principal of the estate did not vest in the testator's descendants at his death then, unless it was the intention of the testator to give to each of his daughters a life estate in an equal part of his residuary estate with cross-remainders, upon the death of one of the daughters the property theretofore held in trust for her would necessarily pass absolutely to the other daughter in whole or in part as the sole or as one of the legal descendants of the testator. If the testator intended a vesting and distribution of the part of his estate held for the benefit of such daughter in severalty he must have known that one daughter in all reasonable probability would survive the other and that the share held in trust for the one first dying would, as we have said, pass absolutely to the survivor or to the surviving daughter and the descendants of the deceased daughter. (Decedent Estate Law, Cons. Laws, ch. 13, sections 82, 83.)

A careful study of the intention of the testator, as shown by his will, leads us to the conclusion that he intended to dispose of all of his property by his will; that all of his property should be held until the death of his daughters and the survivor of them, and that at such time it should become the absolute property of the legal descendants of the testator, "if any there shall be, but if there should be none then to Theodore De Land or his children." (*Purdy* v. *Hayt*, 92 N. Y. 446; *Salter* v. *Drowne*, 205 N. Y. 204.)

The judgment of the Appellate Division should be modified, as provided by this opinion, and as so modified affirmed, without costs to either party.

WILLARD BARTLETT, Ch. J., COLLIN, CUDDEBACK, MILLER and CARDOZO, JJ., concur; HISCOCK, J., absent.

Judgment accordingly.