In the Matter of the Estate of ELIZABETH LAING KNAPP, Deceased.

Surrogate's Court, New York County, January, 1924.

**Wills — construction — bequest to first granddaughter born of decedent's only son — bequest to go to son's wife in event of no child — when wife entitled to bequest.**

A testatrix bequeathed to her first granddaughter, born of her son A., her string of pearls, all bracelets and some diamond rings, and in the event of no such granddaughter, then to the wife of her eldest son provided she met with the approval of A.

A., the only child of testatrix, was the executor of the will and residuary legatee, and desires that his wife possess the jewelry. *Held*, that as no such granddaughter was born, the wife of A. was entitled to the jewelry.

Misc. 347]    Surrogate's Court, New York County, January, 1924.

PROCEEDING for an accounting and construction of a will.

*Oudin, Kildreth & Schackno* (*S. F. Brewster*, of counsel), for petitioner, for proponent and for executor.

O'BRIEN, S.   This is an accounting in which a question of construction is presented for decision involving the following paragraph of the will: "I give to my first granddaughter born to Archibald G. McIllwaine, Jr., my string of pearls, all bracelets and some diamond rings — in case of no granddaughter, then to my eldest son's wife, provided she meets with the approval of my son Archibald G. McIllwaine, Jr."

The testatrix left her surviving her only child, Archibald G. McIllwaine, Jr.   At the time of his mother's death he was married, but no daughter has been born to him up to the present time.

The question submitted to this court is:   To whom did the testatrix leave the above named articles of jewelry?   She drew her own will and it is presumed that she intended to dispose of all of her property and not die intestate as to any part thereof.   *Hadcox* v. *Cody,* 213 N. Y. 570.   The gift is outright to the granddaughter, if there be one.   It is evident that the testatrix intended to leave the jewelry to a granddaughter who might be born to her son during her lifetime.   As none was born, the jewelry should go to the eldest son's wife, if this disposition meets with the approval of such son.   He is the executor named in the will and the residuary legatee, and he desires that his wife possess the jewelry.   This construction would seem to be fair and proper under all the circumstances.   Under any other construction it would be necessary that the disposal of the jewelry be withheld pending the possibility of the birth of a daughter.   I, therefore, hold that the son's wife is entitled to the jewelry in question.

Tax costs and submit decree construing the will and settling the account accordingly.

Decreed accordingly.   ───────────