JAMES F. WEST, Respondent, *v.* JAMES W. WEST and Others, Respondents, Impleaded with BENJAMIN JOHNSON, Appellant.

Second Department, January 15, 1926.

Wills — construction — will bequeathed all " my personal property * * * including household furniture "— will granted power to devisee to sell and dispose of all property — will construed to show intent by testator to give real as well as personal property — said power was under Real Property Law, §§ 131–136, general beneficial power — under Real Property Law, §§ 149 and 151, donee of power took fee absolute — if execution of power were necessary to complete title that was done by donee.

A will by a testator which provides " After my lawful debts are paid I give and bequeath to my aunt Mrs. Eliza Sheehan all of my personal property to which I may die seized and possessed or to which I may be entitled at the time of my decease including household furniture. I authorize her to sell and dispose of all and everything belonging to me and give title to same," and which contains no residuary clause and does not appoint the legatee as executor, is construed to pass to the legatee not only the personal property of the testator, but also his real property, on the ground that it was the intent, as shown by the will and by the relation existing between the testator and the legatee, that the legatee should receive all of his property both real and personal.

The power granted in the will to the legatee to sell and dispose of all of the property is, under sections 131–136 of the Real Property Law, a general beneficial power and under sections 149 and 151 of the Real Property Law, which provide that where an absolute power of disposition not accompanied by a trust is given and no remainder is limited on the estate to the grantee of the power, such grantee is entitled to the absolute fee, the legatee under the will of this testator took an absolute fee to the real property.

If it were necessary for the donee of the power to execute the same in order to complete the title, that was done in this case by the legatee, since it appears that she disposed of the real estate by will.

APPEAL by the defendant, Benjamin Johnson, from an interlocutory judgment of the County Court of the county of Kings, entered in the office of the clerk of said county on the 9th day of September, 1925, upon the decision of the court rendered after a trial before the court without a jury.

*William R. Murphy,* for the appellant.

*Frank A. Crowe* [*James L. Barger* and *Abraham L. Doris,* guardians *ad litem* for infants, with him on the brief], for the respondents.

JAYCOX, J. This action is in partition. The appellant claims that the premises involved in this action were devised to Eliza Sheehan by the will of George T. West, deceased. The other parties to the action are the heirs at law of said George T. West, deceased, and the County Court of Kings county has decided that the heirs of West are seized of the premises and that the appellant, Benjamin Johnson, has no interest therein.

The only question before that court and before this court is the construction of the will of George T. West, deceased. The dispositive provisions of the will are all contained in one paragraph, which reads as follows: "After my lawful debts are paid I give and bequeath to my aunt Mrs. Eliza Sheehan all of my personal property to which I may die seized and possessed or to which I may be entitled at the time of my decease including household furniture. I authorize her to sell and dispose of all and everything belonging to me and give title to same." That the will was the work of a layman is apparent. The testator names as executor, "my lifelong friend, James J. Carboy." The testator was unmarried and the sole beneficiary gave up her home and for five years lived with the testator as his housekeeper, and nursed him in his last illness. Prior to his death the testator stated that at his death he would leave all he possessed to said Eliza Sheehan. The will was made very shortly before his death. The personal property left by him amounted to about $1,400. The real estate consisted of a house and lot on Tenth street near Third avenue in the borough of Brooklyn, city of New York. The value is not given.

Did the testator intend by this will to dispose of his personal property only? Such an idea seems to be highly improbable. It is also very improbable that if that were his idea he would not in any way refer to his other property. It would have been natural for him to have made some reference to the fact that he desired his heirs to have the remainder of his property, or that he possessed other property. He could not sit down to make a will without the disposition of all of his property occurring to him, and when no mention is made of it, and no reference is made to any of his heirs, the conclusion seems almost irresistible that he thought that he had disposed of all his property. The language used, " all of my personal property to which I may die seized and possessed or to which I may be entitled at the time of my decease including household furniture," is, to some extent, inappropriate if it referred to personal property only. It reads like an attempt to dispose of real property also, and this conclusion is aided by the inclusion of the household furniture. It seems as if the previous gift was of a house, and then the household furniture is included. Was the term " personal " used by the scrivener in its ordinary sense or was it used in the sense of " own "— " my own property "— " the property I own personally? " If the word " personal " is omitted, so far as the disposition of the property is concerned the will would be logical, consistent and would accomplish what seems to have been the testator's purpose. If the word " personal " be omitted the will is a complete disposition of all the property, real and personal, of which the testator died seized.

It has been held " that words and phrases may be transposed, or even inserted, or left out of a provision, if it becomes necessary to do so in order to accomplish a clearly expressed intention of a testator." (*Wager* v. *Wager*, 96 N. Y. 164; *Mills* v. *Tompkins*, 110 App. Div. 212; *Ward* v. *Stanard*, 82 id. 386.) It seems to me that the intention of the testator is expressed with sufficient certainty to permit of the omission of the word " personal."

The presumption against intestacy is very strong and is applied in all cases. (*Matter of Goldmark*, 186 App. Div. 447, 451; *Matter of Schriever*, 221 N. Y. 268, 272; *Matter of Hillis*, 178 N. Y. Supp. 348, 350; *Lamb* v. *Lamb*, 131 N. Y. 227, 234; *Mills* v. *Tompkins*, *supra*; *Smith* v. *Smith*, 31 App. Div. 598, 601; *Hadcox* v. *Cody*, 213 N. Y. 570, 572; *Ward* v. *Stanard*, *supra*, 389.)

In *Hadcox* v. *Cody* (*supra*) the Court of Appeals said: " The fact of making a will raises a very strong presumption against an expectation or desire on the part of the testator of leaving a portion of his estate undisposed of by his will." In *Ward* v. *Stanard* (*supra*) the same idea was expressed in this way: " Let us start with the

principle that the law favors a construction of a will that will prevent partial intestacy. (*Vernon* v. *Vernon*, 53 N. Y. 351; *Stokes* v. *Weston*, 142 id. 433.) *English* v. *Cooper* (183 Ill. 203) cites with approval the strong language in 2 Redfield on Wills (3d ed.), 235: ' The idea of any one deliberately purposing to die testate as to a portion of his estate and intestate as to another portion is so unusual in the history of testamentary dispositions as to justify almost any construction to escape from it.' The principle was also approved in *Woman's Union Missionary Society* v. *Mead* (131 Ill. 338)." Other cases hold that a construction resulting in intestacy should be avoided " if possible." (*Lewis* v. *Howe*, 174 N. Y. 340; *Hutchings* v. *Hutchings*, 144 App. Div. 757; affd., 210 N. Y. 539; *Meehan* v. *Brennan*, 16 App. Div. 395; *Simpson* v. *Trust Co. of America*, 129 id. 200, 205; affd., *sub nom. Simpson* v. *Simpson*, 197 N. Y. 586.)

The will in question here contains no residuary clause, and it has been held that the absence of a residuary clause indicates that the testator thought that he had disposed of all of his property by the dispositive provisions of the will. (*Kelley* v. *Hogan*, 71 App. Div. 343, 351; *Ward* v. *Stanard, supra; Matter of Faust*, 83 Misc. 250, 254.)

The provision of the will authorizing Mrs. Sheehan to sell and dispose of all and everything that belonged to testator and to give title to the same strongly indicates that the testator thought he had given her all of his property. The will names an executor, but the power of sale is not vested in him. The idea that the testator intended to give Mrs. Sheehan all his property is strengthened by the fact that, although the power of sale is vested in her, no directions are given as to how she is to dispose of the proceeds. This omission is consistent only with the idea that the testator thought he had given to her all and everything that belonged to him. So, aside from its legal effect upon the construction of the will, I think this power of sale, conferred upon the only legatee mentioned in the will, is very persuasive as to his intention to give to her all of his property.

Viewed as a grant of a power, I am convinced that it vests title to the real estate in the grantee of the power. A power is an authority to do an act in relation to real property, or to the creation or revocation of an estate therein, which the owner granting the power might himself lawfully perform. (Real Prop. Law, § 131.) The word " grantee " designates the person in whom the power is vested, whether by grant, devise or reservation. (Id. § 132.) The power is general where it might be executed in favor of any grantee whatever. (Id. § 134.) "A general or special power is beneficial, where no person, other than the grantee, has, by the terms of its

creation, any interest in its execution.   A beneficial power, general or special, other than one of those specified and defined in this article, is void." (Id. § 136.)   The language used in this will was, therefore, sufficient to grant to Mrs. Sheehan a general beneficial power.

I quote sections 149 and 150 of the Real Property Law as aids in the construction of section 151, which, I think, defines the power set forth in this will.

" § 149. When estate for life or years is changed into a fee. Where an absolute power of disposition, not accompanied by a trust, is given to the owner of a particular estate for life or for years, such estate is changed into a fee absolute in respect to the rights of creditors, purchasers and incumbrancers   *   *   *.

" § 150. Certain powers create a fee.   Where a like power of disposition is given to a person to whom no particular estate is limited, such person also takes a fee, subject," etc.

" § 151. When grantee of power has absolute fee.   Where such a power of disposition is given, and no remainder is limited on the estate of the grantee of the power, such grantee is entitled to an absolute fee."

The provisions of section 151 are clearly applicable to the power contained in this will.   Mrs. Sheehan is given a power of disposition and no remainder is limited on the estate of the grantee of the power; therefore, she is entitled to an absolute fee.

Fowler in his work on Real Property Law (3d ed. p. 630) under section 150 says: " This section provides for a case where the grantee of the absolute power of disposition takes no estate whatever in the lands subjected to the power.   *   *   *   Under this section a grant of an absolutely beneficial power carries a fee even where no estate is given to the grantee of the power.   ( *Kinnier* v. *Rogers,* 42 N. Y. 531, 534; *Taggart* v. *Murray,* 53 id. 233, 238; *Crooke* v. *County of Kings,* 97 id. 421, 450.)"   Of section 151 (at p. 632) the same learned author says: " *   *   *   the mere gift of the power passes a fee to donee of the power.   The absence of any limitation by way of remainder is thus now made conclusive evidence, that the donee of the power takes an interest, and not a mere power.   The gift passes a fee not only as to creditors, purchasers and incumbrancers, but as to all the world."   (Citing *Jennings* v. *Conboy,* 73 N. Y. 230, 237; *Taggart* v. *Murray, supra; Swarthout* v. *Ranier,* 143 N. Y. 499; Chaplin Express Trusts & Powers, § 577.)   Section 150 of the Real Property Law, quoted above, was formerly section 130 of the Real Property Law of 1896 and prior thereto was section 82 of article 3 of title 2 of chapter 1 of part 2 of the Revised Statutes (1 R. S. 732), and is

construed in *Crooke* v. *County of Kings* (*supra*) as vesting a fee in the grantee of such a power, and of which the court says, in part: "A testator intending to give a fee would never do it by simply giving an absolute power of sale. The statute vests the fee, and to this the will of the testator is made to conform, whatever he actually intended. Here we must take the language of this will, and give it the legal effect, and enforce the legal consequences which the statute attaches to, and imposes upon, such language. If the language were doubtful, obscure or uncertain in its meaning, then it would be permissible to look for the main purpose of the will, and to solve the difficulty by giving effect to that, disregarding such portions as appeared to be repugnant to that. Here the language is plain. The meaning is clear. There is no occasion for interpretation, and it is, therefore, idle to speculate about the main purpose of the testatrix; the statute settles the matter."

In this case the intention of the testator and the result of the statutory provision are in harmony. The testator intended to give the fee and the statute says that the language used by him has that result. The learned county judge said: " If the testator intended the grantee of the power to be the sole beneficiary of its execution, it is beneficial power, which is forbidden by our statutes, and is void. (Section 136, Real Property Law; *Sweeney* v. *Warren*, 127 N. Y. 426.)" This conclusion is erroneous. Section 136 provides for a power in which no person, other than the grantee, is interested. That is the type of power created by the will involved in this case. This section further states: "A beneficial power, general or special, other than one of those specified and defined in this article, is void." This portion of the section in question has no application to this power, because it is one of those provided for by the statute. And the authority relied upon is not in point, because, in that case, the grant of power was to the executors as executors and it was held that they could have no beneficial interest and that, therefore, when the purpose for which the power was created had ceased no power remained.

That our courts hold that the grant of a naked power of sale is sufficient to give an estate in fee is plainly indicated by the dissenting opinion in *Jennings* v. *Conboy* (73 N. Y. 230), which is placed upon the specific ground that a naked power of sale was not sufficient to give an estate in fee; the majority of the court, however, held that such a grant of power did create a fee. The court by Judge EARL said: " What is the natural inference where one makes to another a conveyance of an estate in land, and gives him an absolute power to sell the land without specifying what shall become of the proceeds, or when one gives an absolute power of sale by will

without such designation? Clearly that the sale shall be made, and that the proceeds shall rest where the sale leaves them. If it was meant that they should go any farther, it would so declare. As there is no one in such a case who can take the proceeds from the donee, they must remain with and belong to him."

In this case it is quite apparent that the testator devised to Mrs. Sheehan a fee in the property. As the power granted by the will, under the statute, vests the title in fee in the devisee it was not necessary to consummate the same by execution. The title in fee being vested in her, she could dispose of the same as she saw fit. In any event, I think, that Mrs. Sheehan has exercised the power given to her by the will of George T. West, deceased. That will authorized her to sell and dispose of everything belonging to him, and she has disposed of the real estate by will. This was a consummation of the power granted to her.

Findings of fact marked and numbered II, IV, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XX, XXI, XXII, XXIII, XXIV, XXV, XXVI, XXVIII, XXXII, XXXIV and XXXVII are hereby reversed, and conclusions of law numbered 1, 2 and 3 are hereby annulled.

This court will make findings of fact in accordance with this opinion, together with the necessary conclusions of law thereon.

The judgment of the County Court of Kings county should be reversed upon the law, with costs, and the complaint dismissed, with costs.

KELLY, P. J., RICH and YOUNG, JJ., concur.

The parties hereto having stipulated that this case may be disposed of by a court of four, the decision is as follows: Judgment of the County Court of Kings county reversed upon the law, with costs, and complaint dismissed, with costs. Settle order and findings on notice.