In the Matter of the Estate of JOHN W. KAVANAGH, Deceased.

Surrogate's Court, Bronx County, December 21, 1928.

*Martin J. Fay,* for the executrix.

*Michael N. Delagi,* special guardian for infants.

Schulz, S.   The testator left a last will and testament which has been admitted to probate.   The document contains but one dispositive clause which is as follows:

" *First,* after my lawful debts are paid, I give Unto My Wife Adelaide R. Kavanagh of Woodlawn New York City State of New York All My Personal Property wherever situated of whatever nature the same consists of, I also give and bequeath unto my wife All money remaining to my credit in any bank or banks or which may be due me from any notes or bonds or mortgages."

After the provision stated, he appointed his wife executrix and directed that she be permitted to serve without bonds.

The question submitted in this construction proceeding is whether the testator intended to leave to his wife only so much of his estate as in law is known as personal property, or to give her all of his property real and personal.   The special guardian for the two infant parties contends that personalty alone passed, whereas the executrix claims that the intent of the testator was also to devise his real estate.

Upon the hearing, evidence was introduced by which it was sought to show the intent of the testator.   The cases hold that such intent must be ascertained from the will and cannot be shown by other evidence, unless it is offered for the purpose of explaining some latent ambiguity arising dehors the instrument as to the person or subject meant to be described, or to rebut a resulting trust, or, under some authorities, where there is a patent ambiguity susceptible of resolution thereby.   (*Matter of Fowles,* 95 Misc. 48, 51; revd., 176 App. Div. 637; revd., 222 N. Y. 222; *Matter of Phipps,* 214 id. 378, 381; *Brown* v. *Quintard,* 177 id. 75, 83; *Reynolds* v. *Robinson,* 82 id. 103, 106; *Mann* v. *Executors of Mann,* 1 Johns. Ch. 231, 234.)

It appears that the decedent left one parcel of real estate and that his use of the term " personal property " in conjunction with the other language of the paragraph makes it doubtful in what sense he employed these words.

Among the definitions of the word " personal " as commonly used, we find the following: " Of or pertaining to a particular person " (Webster's New International Dict. 1928); " pertaining to or characteristic of a particular person; " " springing from or belonging to oneself; affecting or relating to one individually " (Funk & Wagnalls' New Standard Dict. 1928); " belonging to the person " (Bouvier's Law Dict. 1914); " appertaining to the person; belonging to an individual." (Black's Law Dict. 1910.) When, however, the word " personal " is coupled with the word " property," the term " personal property " in law has a distinct, technical meaning which relates to the nature of the property itself and distinguishes it from real property. This is illustrated also by the definition of the term as used in statutes. (Gen. Const. Law, § 39.)

It is not disputed that this testator was a layman and that he himself drew the will. This should be borne in mind in construing the document. (*Eidt* v. *Eidt*, 142 App. Div. 733; revd., on other grounds, 203 N. Y. 325; *Ward* v. *Stanard*, 82 App. Div. 386, 394; *Matter of Allen*, 111 Misc. 93, 99; affd., 202 App. Div. 810; mod., 236 N. Y. 503.) If the decedent used the term " personal property " in its legal sense, then the subsequent provision " I also give and bequeath unto my wife All money remaining to my credit in any bank or banks or which may be due me from any notes or bonds or mortgages " was surplusage, for the former in law would have included the latter. He refers to this " personal property " as " wherever situated of whatever nature." The word " situated " usually is used in connection with real estate and not with personalty. One speaks of a house or lot being *situated* in a certain place; but when referring to money, securities or chattels, the word " in " is customarily used. We say " *in* a certain bank, safe deposit box or place " respectively, and the testator used that word when he spoke about money, as appears from the quotation above. The words " whatever nature " also add to the doubt, for if the special guardian's contention is correct, the nature of the property was already stated. The term " personal " in its legal sense would state the nature of the property, whereas if the testator meant all of his own individual property, then the words " whatever nature " would be quite properly used to designate that he meant to include both realty and personality.

From all of these circumstances, I conclude that there exists an ambiguity as to the thing meant to be described; that is, as to the property which the testator intended to give to his wife, and hence that I may consider the evidence submitted to explain the same.

This evidence showed that the testator and his wife were married in 1901 and that the former died in 1923. For a period of over twenty-two years they had lived continuously and happily together. Of the five children born to them, two had died in infancy. The will was executed in June, 1923, and the testator died in November of the same year. The conditions, therefore, at the time of the execution of the will and at the time of his death, were about the same. His wife, one son, twenty-one years of age, who has transferred all of his interest in the estate to his mother, and two daughters, respectively, eight and two years of age, constituted the family which survived him. On several occasions before the execution of the will, he made statements to witnesses who testified before me and with whose truthfulness I was impressed, to the effect that he did not wish his wife to be dependent upon the children and was going to leave everything to her; and after he had made it, he said that he had left all of his property to his wife for the same reason. When asked why he had used the word " situated " he said that word was always used where there was real estate.

His personal estate was very small; it amounted to less than $1,000. Two of his children were of tender years and needed attention, support and maintenance. His relations with his wife during their whole married life were pleasant and congenial up to the hour of his death. There is nothing to show that his wife had any independent means other than an amount of $1,000, the death benefit under a policy of insurance upon testator's life. Every natural human impulse would be to make the provision for his wife that it is urged, upon her behalf, he did make in this will. I cannot believe that, under such circumstances, the testator intended to leave to his wife only his personalty. This was entirely inadequate for the needs of herself and their children, and a construction to that effect should not be favored if, under the rules laid down by the authorities, another is possible. Provisions for the benefit of a wife should be construed liberally in her favor. (*Matter of Limburger*, 128 Misc. 577; *Matter of Hart*, 122 id. 124, 128; *Moffett* v. *Elmendorf*, 152 N. Y. 475, 487.)

If the decedent by this instrument left to his wife only his personal property, he must have intended to die intestate as to his real property. He had dealt in real estate and was familiar with it; he must have known that by reason of the infancy of his

children, such intestacy would cause additional complications, and yet he did not give his executrix a power of sale.

As between a construction which will cause an intestacy and one having a contrary effect, the latter should be preferred if the language of the will warrants the same. (*Waterman* v. *N. Y. Life Ins. & T. Co.*, 237 N. Y. 293, 300; *Matter of Schriever*, 221 id. 268; *Matter of Ossman* v. *Von Roemer*, Id. 381, 387; *West* v. *West*, 215 App. Div. 285; *Hadcox* v. *Cody*, 213 N. Y: 570.) The absence of a residuary clause strengthens the implication that he intended to dispose of all of his property by the provisions of the will. (*West* v. *West, supra; Ward* v. *Stanard, supra; Matter of Faust*, 83 Misc. 250, 254.)

The matter under consideration is very much like that before the Appellate Division of the Second Department in *West* v. *West* (*supra*). There the only dispositive provision was " after my lawful debts are paid, I give and bequeath to my aunt * * * all of my personal property to which I may die seized and possessed or to which I may be entitled at the time of my decease including household furniture." The will also was drawn by a layman. It appeared that prior to the testator's death he had stated that he would leave all he possessed to his aunt and it was held that personalty and realty passed to her under the will.

It is well settled that the intent of the testator should be given effect if this is possible in view of the language used, and it has been held that to effectuate such intent, words may be supplied, omitted or transposed. (*Matter of McGeehan*, 200 App. Div. 739, 747; affd., 237 N. Y. 575; *Dreyer* v. *Reisman*, 202 id. 476, 480; *Phillips* v. *Davies*, 92 id. 199, 204; *Matter of Kenny*, 224 App. Div. 152, 156.) In this matter we do not need to supply, omit or transpose words to attain that result. It can be accomplished by giving to the term " personal property " the meaning he intended to express, that is, " the property of or pertaining to myself," or by treating it as was said in *West* v. *West* (*supra*), " in the sense of ' own '—' my own property '—' the property I own personally,' " If so construed it includes not only what the law denominates as " personal property," but all of his property " of whatever nature the same consists of."

I hold that such was his intention and construe his will accordingly.

Costs to the petitioner and an allowance to the special guardian payable out of the estate. Settle decision and decree.