In the Matter of the Estate of JOHN H. SCHRIEVER, Deceased.

JOHN H. SCHRIEVER, Appellant.

ANNIE C. MCELROY, Appellant and Respondent; HENRY J. SCHRIEVER, as Executor, Respondent.

**Will — provisions of will, giving to testator's wife a life estate with remainder over if she remarries, construed and held that the gifts of remainder are equally conditioned upon either the death or remarriage of the widow.**

1. It is not an unreasonable construction of a will that where a testator gives to his wife a life estate with remainder over if she remarries, he has in mind the ending of the life estate by death as well. Unless the will indicates that the testator intended otherwise, such a rule would ordinarily give effect to his meaning.

2. The will of the testator by its first clause gave the income of all of his estate to his wife "while she remains my widow, should she remarry I want my estate to be divided as follows, as written & mentioned on page 2 of this will." On page 2 various bequests are made to his daughter, nephew, brother-in-law and son, without limitation. *Held*, that the gifts to the daughter, the nephew, the brother-in-law and the son are all equally conditioned upon either the death or remarriage of the widow.

*Matter of Schriever*, 174 App. Div. 113, modified.

(Argued June 7, 1917; decided July 11, 1917.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered September 29, 1916, which affirmed a decree of the Rockland County Surrogate's Court construing the will of John H. Schriever, deceased.

The facts, so far as material, are stated in the opinion.

*James T. Clark* and *Frank W. Arnold* for John H. Schriever, appellant. A bequest to a testator's widow while she remains his widow, that is, for life, if she so long continues a widow, and if she shall marry, then over, is not dependent on the contingency of the widow's marrying again, but takes effect at all events on the

determination of her estate, whether by marriage or death. (Jarman on Wills, 1361, 1362; *Luxford* v. *Checks*, 3 Fed. Rep. 125; *Walpole* v. *Lasbett*, 7 L. T. [N. S.] 526; *Matter of Martin*, 53 L. T. 34; *Gordon* v. *Adolphus*, 3 B. P. C. Toml. 306; 40 Cyc. of L. & P. 1655; *Trenton Trust Co.* v. *Armstrong*, 70 N. J. Eq. 572; *Underhill* v. *Roder*, 2 Ch. D. 494; 45 L. J. Ch. 266; 24 Wkly. Rep. 524; *Matter of Cane*, 60 L. J. Ch. 36; 63 L. T. Rep. [N. S.] 746; *Scarborough* v. *Scarborough*, 58 L. T. Rep. [N. S.] 851; *Frey* v. *Thompson*, 66 Ala. 287; *Meads* v. *Wood*, 19 Beav. 215.)

*John Patterson* and *Herbert C. Brinckerhoff* for Annie C. McElroy, appellant and respondent. The will of the testator failed to dispose of the remainder in his estate save upon the contingency that the widow remarried. (*Lynes* v. *Townsend*, 33 N. Y. 558; *Brown* v. *Quintard*, 177 N. Y. 75; *Bond* v. *Moore*, 236 Ill. 576; *Matter of Tamargo*, 220 N. Y. 225; *Matter of Sohn*, 24 N. Y. Supp. 350.) The language of the fifth clause is consistent with the scheme of the testator and evidences that by it he intended to dispose only of the particular fund. (Schouler on Wills, § 477; *Kerr* v. *Dougherty*, 79 N. Y. 327; *Matter of Wooley*, 78 App. Div. 224; *Morton* v. *Woodbury*, 153 N. Y. 243; *Matter of Tamargo*, 220 N. Y. 225; *Lynes* v. *Townsend*, 33 N. Y. 558.) A limitation over on remarriage of the widow is not a limitation over on her death, nor is it a vested remainder. (40 Cyc. of L. & P. 1655; *Smith* v. *Allen*, 161 N. Y. 478; *Hennessy* v. *Patterson*, 85 N. Y. 91.)

*Frank Comisky* and *Lewis M. Johnson* for respondent. There is no ground for supposing that the testator intended to die intestate as to any part of his property. (*Areson* v. *Areson*, 3 Den. 458, 464; *Oakes* v. *Massey*, 94 App. Div. 165.) The testator's intention to disinherit his daughter bears down every argument to the contrary. (*Williams* v. *Jones*, 166 N. Y. 522; *Robinson* v. *Martin*, 200 N. Y. 159.)

ANDREWS, J. John H. Schriever died in 1910 leaving a will which was executed in 1899. He was evidently a man without education and at the time he made his will was incensed against his daughter because of her marriage. It is this will that we are called upon to construe.

It is upon a printed blank. By its first clause the testator gave the income of all his estate to his wife " while she remains my widow, should she remarry I want my estate to be divided as follows, as written & mentioned on page 2 of this will." Below this paragraph he pasted a telegram announcing the marriage of his daughter. He then appointed his son executor. Finally he signed it and two witnesses also sign. There follows the attestation clause and again the witnesses sign.

The next page of the paper is numbered two. It begins: "To my widow whatever the law allows her, in lieu of dower & remainder to be divided as hereafter mentioned."

He then confers upon his wife and his executor power to sell his real estate.

Next he gives to his daughter fifty dollars " my said daughter having married without my consent. I therefore give here the above small amount should my daughter die before the settlement of my will I bequeath said amount of ($50) Fifty dollars to my son & executor."

He gives to his nephew, John H. Schriever, $5,000. "If said nephew should die before my estate should be settled said sum of Five Thousand dollars should go to my son & executor."

He makes a similar bequest to his brother-in-law.

Lastly "The remainder of my real & personal estate whatever it may be, I will and bequeath to my son & executor or his heirs forever, said sum to be regulated by the first clause of my said will and testament."

There follows the recital: " I heretofore bequeath to my daughter the sum of Fifty dollars said small bequest was on account of marrying without my consent &

knowledge, the only notice received by me was the telegram sent by her husband annexed to this will."

He then again signs the will and the two witnesses also sign.

It has been held that under this will the widow takes an estate to be terminated by her death or remarriage. If she remarries the estate passes to others, subject to her right of dower which she retains. This construction has been accepted.

The claim of the daughter is that the provisions on page two only take effect if the widow remarries. Otherwise the deceased dies intestate except as to the life estate.

The claim of the son is that the bequests to the daughter, the nephew and the brother-in-law are contingent upon the widow's remarriage. They all fail, therefore, if she does not remarry. The fifth clause is a general residuary clause that vests in the son the whole estate if the widow dies unmarried.

With this contention the surrogate agreed, as did the Appellate Division.

We construe the will differently, holding that the gifts to the daughter, the nephew, the brother-in-law and the son are all equally conditioned upon either the death or the remarriage of the widow.

Two purposes stand out clearly. The widow is to have the entire income until her death or remarriage. The daughter is to be practically disinherited.

The testator begins, therefore, by giving his wife the income for life. But if she remarries his estate is to be divided as mentioned on page two. First, what is she to receive in that event? Only her dower the surrogate has decreed, and from this decision no appeal is taken.

With that the idea of his wife's remarriage ceases to preoccupy the mind of the testator. He gives to her and to his executor the power to sell his real estate. This is not a " division " referred to on page one; nor is the

conclusion justified that this power would cease if the widow married.

Then he gives his daughter $50. This bequest is not conditioned on the wife's remarriage. The explanation below is inconsistent with such a theory. He has bequeathed her $50 — not $50 in such an event. This explanation defines what the testator intended by the language he used in this bequest. But we think it also defines what he intended by the same words in the bequests to his nephew and to his brother-in-law. Then comes the remainder to his son. With the presumption against intestacy we must hold that this bequest was not dependent upon the widow's remarrying. But if so, neither are the other bequests. The words "Said sum to be regulated by the first clause" do not require a different construction for it. The phrase refers to the termination of the life estate either by death or remarriage.

It is not an unfair construction that where a testator gives to his wife a life estate with remainder over if she remarries, he has in mind the ending of the life estate by death as well. Such an idea is inevitable. Unless the will indicates that the testator intended otherwise, such a rule would ordinarily give effect to his meaning. This is especially so where, as here, he shows he has in mind the death of his wife. He speaks of the settlement of my estate or of my will — clearly the termination of the life estate by death as well as by remarriage.

Any other construction of the will is unreasonable. No satisfactory explanation can be given of a provision that would give $5,000 to a nephew if the wife remarried — nothing if she died.

The order appealed from must be modified as indicated in this opinion, and as so modified affirmed, with costs to the appellant, John H. Schriever, to be paid out of the estate.

CHASE, COLLIN, CARDOZO, POUND, McLAUGHLIN and CRANE, JJ., concur.

Ordered accordingly.